BRETT M. SCHUMAN (SBN 189247)
*BSchuman@goodwinlaw.com*
**GOODWIN PROCTER LLP**
525 Market Street, Floor 32
San Francisco, CA 94105
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

RYAN D. BALL (SBN 321772)
*RBall@goodwinlaw.com*
**GOODWIN PROCTER LLP**
660 Newport Center Drive, Suite 450
Newport Beach, CA 92660
Tel.: + 1 949-743-3400
Fax: +1 949 743-3485

REBECCA L. TARNEJA (SBN 293461)
*RTarneja@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, Suite 4100
Los Angeles, CA 90017-5704
Tel.: + 1 213-426-2500
Fax: + 1 213-623-1673

Attorneys for Defendant
33ACROSS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JEFFREY EICHINGER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>33ACROSS, INC.,<br><br>Defendant. | Case No. 3:26-cv-02967-SI<br><br>**33ACROSS INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed: April 6, 2026<br><br>Judge: Hon. Susan Illston |

Defendant 33Across Inc. ("33Across"), by and through its undersigned counsel, answers Plaintiff Jeffrey Eichinger's ("Plaintiff") Class Action Complaint (the "Complaint") as follows (the "Answer").

For convenience and clarity, 33Across has repeated the section headings of the Complaint, but does not admit that those headings are an accurate or fair representation of the conduct alleged in the Complaint. To the extent a response is required to headings or other unnumbered paragraphs in the Complaint, Defendant denies the factual allegations, if any, in such headings or unnumbered paragraphs.

To the extent the Complaint asserts conclusions of law, such conclusions of law require no response in this Answer. Except as expressly admitted or qualified hereafter, Defendant denies each and every allegation of the Complaint.

## NATURE OF THE ACTION

1. In response to paragraph 1 of the Complaint, 33Across admits that Plaintiff purports to bring this lawsuit to address 33Across's purported "surveillance" of Americans' internet activity, including the tracking and recording of personal information and web activity. 33Across denies that it is liable for any actions or claims alleged in the Complaint or that Plaintiff and Class Members are entitled to relief. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

2. In response to paragraph 2 of the Complaint, 33Across denies that any of its alleged actions were "unlawful[]." As for the remaining allegations of Paragraph 2, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3. In response to paragraph 3 of the Complaint, 33Across admits that Plaintiff purports to bring this action to enforce his constitutional right to privacy and to seek damages for the alleged improper collection and sale of his data. 33Across denies that it is liable for any actions or claims alleged in the Complaint, that Plaintiff and Class Members were harmed, or that Plaintiff and Class

Members are entitled to relief. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

**THE PARTIES**

4. In response to paragraph 4 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5. In response to paragraph 5 of the Complaint, 33Across admits that it is incorporated in Delaware and that its principal place of business is in New York City, New York. 33Across further admits that it owns the tracking technology at issue in this action. To the extent a further response is required, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**JURISDICTION AND VENUE**

6. In response to paragraph 6 of the Complaint, 33Across denies that subject matter jurisdiction exists because Plaintiff lacks standing, including Article III standing, to prosecute the alleged claims. 33Across states that this is a legal conclusion that is not subject to denial or admission. To the extent a further response is required, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7. In response to paragraph 7 of the Complaint, 33Across admits that Plaintiff has alleged that he has established personal jurisdiction over 33Across, but 33Across denies that 33Across collected or profited from individuals' private information. Whether Plaintiff has established personal jurisdiction is a legal conclusion which is not subject to denial or admission. In response to the remaining allegations in paragraph 7 of the Complaint, 33Across is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to paragraph 8 of the Complaint, 33Across admits that Plaintiff has alleged that venue is proper pursuant to 28 U.S.C. § 1391. 33Across states that whether venue is proper is a legal conclusion which is not subject to denial or admission. In response to the remaining allegations in paragraph 8 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**FACTUAL ALLEGATIONS**

**I. DATA BROKERS AND REAL-TIME BIDDING: THE INFORMATION ECONOMY**

9. In response to paragraph 9 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, 33Across admits that it is a registered data broker on California data broker registry. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

**A. Data Brokers**

11. In response to paragraph 11 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Justin Sherman, Duke Sanford Cyber Policy Program, *Data Brokers and Sensitive Data on U.S. Individuals: Threats to American Civil Rights, National Security, and Democracy* (2021), https://techpolicy.sanford.duke.edu/wp-content/uploads/2021/08/Data-Brokers-and-Sensitive-Data-on-US-Individuals-Sherman-2021.pdf, and Cal. Civ. Code § 1798.99.80(c). 33Across states that the publication and statute speak for themselves and, on that basis, denies any allegations in paragraph 11 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

12. In response to paragraph 12 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Civ. Code § 1798.99.82(a). 33Across states that the Civ. Code § 1798.99.82(a) speaks for itself and, on that basis, denies any allegations in

paragraph 12 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

13. In response to paragraph 13 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of IDENTITY GRAPHS ON AWS, https://aws.amazon.com/neptune/identity-graphs-on-aws/. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 13 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

14. In response to paragraph 14 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of IDENTITY GRAPHS ON AWS, https://aws.amazon.com/neptune/identity-graphs-on-aws/, and Tehila Minkus et al., *The City Privacy Attack: Combining Social Media and Public Records for Detailed Profiles of Adults and Children*, COSN '15: PROCEEDINGS OF THE 2015 ACM ON CONFERENCE ON ONLINE SOCIAL NETWORKS, 71 (2015), https://dl.acm.org/doi/pdf/10.1145/2817946.2817957. 33Across states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 14 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

15. In response to paragraph 15 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Henrik Twetman & Gundars Bergmanis-Korats, NATO STRATEGIC COMMUNICATIONS CENTRE OF EXCELLENCE, *Data Brokers and Security* (2020), https://stratcomcoe.org/cuploads/pfiles/data_brokers_and_security_20-01-2020.pdf. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 15 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

16. In response to paragraph 16 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Justin Sherman, DUKE SANFORD CYBER POLICY PROGRAM, *Data Brokers and Sensitive Data on U.S. Individuals: Threats to American Civil Rights, National Security, and Democracy* (2021), https://techpolicy.sanford.duke.edu/wp-

content/uploads/2021/08/Data-Brokers-and-Sensitive-Data-on-US-Individuals-Sherman-2021.pdf. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 16 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

17. In response to paragraph 17 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Justin Sherman, DUKE SANFORD CYBER POLICY PROGRAM, *Data Brokers and Sensitive Data on U.S. Individuals: Threats to American Civil Rights, National Security, and Democracy* (2021), https://techpolicy.sanford.duke.edu/wp-content/uploads/2021/08/Data-Brokers-and-Sensitive-Data-on-US-Individuals-Sherman-2021.pdf. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 17 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

18. In response to paragraph 18 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of and image from Justin Sherman, Duke Sanford Cyber Policy Program, Data Brokers and Sensitive Data on U.S. Individuals: Threats to American Civil Rights, National Security, and Democracy (2021), https://techpolicy.sanford.duke.edu/wp-content/uploads/2021/08/Data-Brokers-and-Sensitive-Data-on-US-Individuals-Sherman-2021.pdf. 33Across states that the publication and image speak for themselves and, on that basis, denies any allegations in paragraph 18 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

19. In response to paragraph 19 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Henrik Twetman & Gundars Bergmanis-Korats, NATO STRATEGIC COMMUNICATIONS CENTRE OF EXCELLENCE, *Data Brokers and Security* (2020), https://stratcomcoe.org/cuploads/pfiles/data_brokers_and_security_20-01-2020.pdf. 33Across states that publication speaks for itself and, on that basis, denies any allegations in paragraph 19 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

20. In response to paragraph 20 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Lily Hay Newman, *Minnesota Shooting Suspect Allegedly Used Data Broker Sites to Find Targets' Addresses*, WIRED (June 16, 2025), https://www.wired.com/story/minnesota-lawmaker-shootings-people-search-data-brokers/. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 20 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

21. In response to paragraph 21 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Tyler Katzenberger, *LA Protests Fuel California Drive To Hide Data From Trump*, POLITICO (June 11, 2025), https://www.politico.com/news/2025/06/11/la-protests-california-hide-data-trump-00400127. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 21 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

22. In response to paragraph 22 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Henrik Twetman & Gundars Bergmanis-Korats, NATO STRATEGIC COMMUNICATIONS CENTRE OF EXCELLENCE, *Data Brokers and Security* (2020), https://stratcomcoe.org/cuploads/pfiles/data_brokers_and_security_20-01-2020.pdf, and Jasdev Dhaliwal, *How Data Brokers Sell Your Identity*, MCAFEE, (Jan. 28, 2025), https://www.mcafee.com/blogs/tips-tricks/how-data-brokers-sell-your-identity/. 33Across states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 23 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

24. In response to paragraph 24 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Paul Jarvis, *The Problem with Data Brokers:*

*Targeted Ads and Your Privacy*, FATHOM ANALYTICS (May 10, 2022), https://usefathom.com/blog/data-brokers. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 24 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

25. In response to paragraph 25 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Adstra, LLC v. Kinesso, LLC*, 2025 WL 552050, at *2 (S.D.N.Y. Feb. 19, 2025) and Marc Chase McAllister, *Modernizing the Video Privacy Protection Act*, 25 Geo. Mason L. Rev. 102, 135 (2017). 33Across states that *Adstra* and the publication speak for themselves and, on that basis, denies any allegations in paragraph 25 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

26. In response to paragraph 26 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein related to 33Across. As to the allegations in paragraph 26 related to unknown third-parties, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**B. Real Time Bidding**

27. In response to paragraph 27 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Sara Geoghegan, *What is Real Time Bidding?*, ELECTRONIC PRIVACY INFORMATION CENTER (Jan. 15, 2025), https://epic.org/what-is-real-time-bidding. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 28 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

29. In response to paragraph 29 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Sara Geoghegan, *What is Real Time Bidding?*,

Electronic Privacy Information Center (Jan. 15, 2025), https://epic.org/what-is-real-time-bidding, and *Introduction To Ad Serving*, MICROSOFT IGNITE (Mar. 3, 2024), https://learn.microsoft.com/en-us/xandr/industry-reference/introduction-to-ad-serving. 33Across states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 29 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

30. In response to paragraph 30 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31. In response to paragraph 31 of the Complaint, including its footnotes, 33Across admits that the allegations contained therein appear to reference or set forth a portion of Sara Geoghegan, *What is Real Time Bidding?*, ELECTRONIC PRIVACY INFORMATION CENTER (Jan. 15, 2025), https://epic.org/what-is-real-time-bidding, and an image from *Real-Time Bidding*, APPSFLYER, https://www.appsflyer.com/glossary/real-time-bidding. 33Across states that the publications and image speak for themselves and, on that basis, denies any allegations in paragraph 31 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

32. In response to paragraph 32 of the Complaint, including its footnotes, 33Across admits that the allegations contained therein appear to reference or set forth a portion of Michael Veale & Federik Zuiderveen Borgesius, *Adtech and Real-Time Bidding under European Data Protection Law*, 23 GERMAN L. J. 226, 232–33 (2022) https://tinyurl.com/yjddt5ey, and an image from Perion, *What is a Supply-Side Platform (SSP): Definition and Importance*, https://perion.com/publishers/what-is-a-supply-side-platform-ssp-definition-and-importance. 33Across states that the publication and image speak for themselves and, on that basis, denies any allegations in paragraph 32 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

33. In response to paragraph 33 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34. In response to paragraph 34 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35. In response to paragraph 35 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36. In response to paragraph 36 of the Complaint, including subparts (a)-(c), 33Across admits that the allegations contained therein appear to set forth a portion of FEDERAL TRADE COMMISSION, *Unpacking Real Time Bidding Through FTC's Case on Mobilewalla* (Dec. 3, 2024), https://www.ftc.gov/policy/advocacy-research/tech-at-ftc/2024/12/unpacking-real-time-bidding-through-ftcs-case-mobilewalla. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 36 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

37. In response to paragraph 37 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

38. In response to paragraph 38 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Sara Geoghegan, *What is Real Time Bidding?*, ELECTRONIC PRIVACY INFORMATION CENTER (Jan. 15, 2025), https://epic.org/what-is-real-time-bidding. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 38 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

39. In response to paragraph 39 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of and a screen capture of Dr. Johnny Ryan, "RTB" ADTECH & GDPR, https://assortedmaterials.com/rtb-evidence (video). 33Across states that the publication and screen capture of the video speak for themselves and, on that basis, denies any

allegations in paragraph 39 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

40. In response to paragraph 40 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of various authorities. 33Across states that those authorities speak for themselves and, on that basis, denies any allegations in paragraph 40 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

**C. Cookie Syncing**

41. In response to paragraph 41 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

42. In response to paragraph 42 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Panagiotis Papadopoulos et al., *Cookie Synchronization: Everything You Always Wanted to Know But Were Afraid to Ask*, 1 WWW '19: THE WORLD WIDE WEB CONFERENCE 1432, 1432 (2019), https://dl.acm.org/doi/10.1145/3308558.3313542, and Gunes Acar et al., *The Web Never Forgets: Persistent Tracking Mechanisms in the Wild*, 6B CCS'14: ACM SIGSAC CONFERENCE ON COMPUTER AND COMMUNICATIONS SECURITY 674, 674 (2014). 33Across states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 42 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

43. In response to paragraph 43 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of and image from Panagiotis Papadopoulos et al., *Cookie Synchronization: Everything You Always Wanted to Know But Were Afraid to Ask*, 1 WWW '19: The World Wide Web Conference 1432, 1433 (2019), https://dl.acm.org/doi/10.1145/3308558.3313542. 33Across states that the publication and image speak for themselves and, on that basis, denies any allegations in paragraph 43 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

44. In response to paragraph 44 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Panagiotis Papadopoulos et al., *Cookie Synchronization: Everything You Always Wanted to Know But Were Afraid to Ask*, 1 WWW '19: THE WORLD WIDE WEB CONFERENCE 1432, 1434 (2019), https://dl.acm.org/doi/10.1145/3308558.3313542. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 44 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

45. In response to paragraph 45 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Panagiotis Papadopoulos et al., *Cookie Synchronization: Everything You Always Wanted to Know But Were Afraid to Ask*, 1 WWW '19: THE WORLD WIDE WEB CONFERENCE 1432, 1434 (2019), https://dl.acm.org/doi/10.1145/3308558.3313542. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 45 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

46. In response to paragraph 46 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Panagiotis Papadopoulos et al., *Cookie Synchronization: Everything You Always Wanted to Know But Were Afraid to Ask*, 1 WWW '19: THE WORLD WIDE WEB CONFERENCE 1432, 1441 (2019), https://dl.acm.org/doi/10.1145/3308558.3313542. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 46 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

47. In response to paragraph 47 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to OpenX and other third parties and, on that basis, denies, generally and specifically, each and every allegation relating

to them. Unless specifically addressed, 33Across denies, generally and specifically, each and every allegation contained therein.

48. In response to paragraph 48 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

49. In response to paragraph 49 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

50. In response to paragraph 50 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

51. In response to paragraph 51 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

## II. AN OVERVIEW OF DEFENDANT'S SERVICES

### A. 33across

52. In response to paragraph 52 of the Complaint, 33Across admits that it is a registered data broker in California. 33Across further admits that the allegations contained therein appear to set forth a portion of *Eric Wheeler Builds 33Across To Solve Quality Issues For Automated Advertising*, 33ACROSS, https://www.33across.com/news/media-coverage/2018/11/20/eric-wheeler-builds-33across-to-solve-quality-issues-for-automated-advertising, *33Across Navigates Digital Advertising's Complexity to Help Advertisers Drive Optimal Results*, 33ACROSS, https://www.33across.com/about-us, *33Across*, LIVERAMP, https://partner-directory.liveramp.com/partners/33across. 33Across states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 52 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

53. In response to paragraph 53 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Best-In-Class Data is Only as Effective as the Media That Activates It*, 33ACROSS, https://www.33across.com/curation. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 53 inconsistent

therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

54. In response to paragraph 54 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Privacy Policy*, 33ACROSS, https://www.33across.com/privacy-policy. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 54 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

55. In response to paragraph 55 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Privacy Policy*, 33ACROSS, https://www.33across.com/privacy-policy. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 55 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

56. In response to paragraph 56 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Privacy Policy*, 33ACROSS, https://www.33across.com/privacy-policy. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 56 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

57. In response to paragraph 57 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Privacy Policy*, 33ACROSS, https://www.33across.com/privacy-policy. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 57 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

58. In response to paragraph 58 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Privacy Policy*, 33ACROSS,

https://www.33across.com/privacy-policy. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 58 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

59. In response to paragraph 59 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

60. In response to paragraph 60 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Trey Titone, *Cookie Syncing Explained*, AD TECH EXPLAINED, https://www.adtechexplained.com/p/cookie-syncing-explained/ (Sep. 30, 2019). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 60 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

61. In response to paragraph 61 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *3 Ways to Deal ID Like A Boss*, 33ACROSS, https://www.33across.com/blog/2020/05/13/3-ways-to-deal-id-like-a-boss/ (May 13, 2020). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 61 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

62. In response to paragraph 62 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Unlock New Audiences at Scale*, 33ACROSS, https://www.33across.com/data-licensing (last accessed Mar. 2026). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 62 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

63. In response to paragraph 63 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Packaged Segments*, 33ACROSS, https://go.33across.com/hubfs/_Landing%20Page%20Graphics/2018_Data%20Solutions/33A_Da

ta%20Solutions_Package%20Segments_1105.pdf?utm_campaign=Data%20Solutions%20Campaign&utm_source=Landing%20Page&utm_medium=Packaged%20Onesheet&utm_term=Packaged%20Onesheet. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 63 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

64. In response to paragraph 64 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

65. In response to paragraph 65 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

66. In response to paragraph 66 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

67. In response to paragraph 67 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *How Sell-Side Audience Targeting Will Ace Your Back-to-School Campaigns*, 33ACROSS, https://www.33across.com/blog/2024/06/05/how-sell-side-audience-targeting-will-ace-your-back-to-school-campaigns (Jun. 5, 2024). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 67 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

68. In response to paragraph 68 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *How Sell-Side Audience Targeting Will Ace Your Back-to-School Campaigns*, 33ACROSS, https://www.33across.com/blog/2024/06/05/how-sell-side-audience-targeting-will-ace-your-back-to-school-campaigns (Jun. 5, 2024). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 68 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

69. In response to paragraph 69 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Unlock New Audiences at Scale*, 33ACROSS,

https://www.33across.com/data-licensing. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 69 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

70. In response to paragraph 70 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Unlock New Audiences at Scale*, 33ACROSS, https://www.33across.com/data-licensing. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 70 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

71. In response to paragraph 71 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

72. In response to paragraph 72 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

**B. Defendant's Online Tracking Technology**

73. In response to paragraph 73 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

74. In response to paragraph 74 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of https://www.ghostery.com/whotracksme/trackers/33across and *Unlock New Audiences at Scale*, 33ACROSS, https://www.33across.com/data-licensing. 33Across states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 74 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

75. In response to paragraph 75 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

76. In response to paragraph 76 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Unlock New Audiences at Scale*, 33ACROSS, https://www.33across.com/data-licensing. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 76 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

77. In response to paragraph 77 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *33Across Introduces Lexicon™, New Identity Solution Makes 90% of Publisher Inventory Addressable*, 33ACROSS, https://www.33across.com/news/2021/06/02/33across-introduces-lexicon/?__cf_chl_f_tk= KOeydv7ErOmYZXlzZav3evsSL6zTiA1I6b4xB9yADTs-1782964461-1.0.1.1-xKWp9aTMOfY4pOkftqHq6YibXBUjoE2LIwrbLTpZhiA. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 77 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

78. In response to paragraph 78 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

79. In response to paragraph 79 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

80. In response to paragraph 80 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Privacy Policy*, 33ACROSS, https://www.33across.com/privacy-policy, and *Privacy Policy, CCPA Notice*, 33ACROSS, https://www.33across.com/privacy-policy/ccpa-notice (Jul. 8, 2025). 33Across states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 80 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

81. In response to paragraph 81 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Privacy Policy, CCPA Notice*, 33ACROSS,

https://www.33across.com/privacy-policy/ccpa-notice (Jul. 8, 2025). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 81 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

82. In response to paragraph 82 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Privacy Policy, CCPA Notice*, 33ACROSS, https://www.33across.com/privacy-policy/ccpa-notice (Jul. 8, 2025). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 82 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

83. In response to paragraph 83 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Privacy Policy*, 33ACROSS, https://www.33across.com/privacy-policy. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 83 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

84. In response to paragraph 84 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

85. In response to paragraph 85 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

86. In response to paragraph 86 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

87. In response to paragraph 87 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of https://www.observepoint.com/blog-posts/9-tag-management-solutions/. 33Across states that the publication speaks for itself and, on that basis,

denies any allegations in paragraph 87 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

88. In response to paragraph 88 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

89. In response to paragraph 89 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

90. In response to paragraph 90 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *33Across and MediaWallah Partner to Innovate Data Onboarding and Identity Resolution for Programmatic Campaigns*, 33ACROSS, https://www.33across.com/news/2024/11/19/33across-and-mediawallah-partnership (Nov. 19, 2024). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 90 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

91. In response to paragraph 91 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *33Across and MediaWallah Partner to Innovate Data Onboarding and Identity Resolution for Programmatic Campaigns*, 33ACROSS, https://www.33across.com/news/2024/11/19/33across-and-mediawallah-partnership (Nov. 19, 2024). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 91 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

92. In response to paragraph 92 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *What is first-party data and how does it benefit your marketing strategy*, PIWIK PRO, https://piwik.pro/blog/first-party-data-value/. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 92 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

93. In response to paragraph 93 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

94. In response to paragraph 94 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

95. In response to paragraph 95 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Privacy Policy*, 33ACROSS, https://www.33across.com/privacy-policy. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 95 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

96. In response to paragraph 96 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Privacy Policy, CCPA Notice*, 33ACROSS, https://www.33across.com/privacy-policy/ccpa-notice (Jul. 8, 2025). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 96 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

97. In response to paragraph 97 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Programmatic Decoded: What is Advertising Addressability?*, COMSCORE, https://www.proximic.com/Insights/Blog/What-is-Advertising-Addressability (Sep. 14, 2023). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 97 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

98. In response to paragraph 98 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *33Across Expands Partnership with PubMatic, Integrating Lexicon's Addressable Capabilities for Enhanced Cookieless Audience Reach*, GlobeNewswire, https://www.globenewswire.com/news-release/2024/12/04/2991551/0/en/

33Across-Expands-Partnership-with-PubMatic-Integrating-Lexicon-s-Addressable-Capabilities-for-Enhanced-Cookieless-Audience-Reach.html (Dec. 4, 2024). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 98 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

99. In response to paragraph 99 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

100. In response to paragraph 100 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Audience segmentation: How to perfect it for your marketing*, GWI (last accessed Feb. 2026), https://www.gwi.com/blog/audience-segmentation . 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 100 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

**1. Persistent Identifiers**

101. In response to paragraph 101 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

102. In response to paragraph 102 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

103. In response to paragraph 103 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Everything You Need to Know About Internet Cookies*, MICROSOFT (Apr. 25, 2023), https://www.microsoft.com/en-us/edge/learning-center/what-are-cookies?form=MA13I2 (last visited Jan. 19, 2026). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 103 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

104. In response to paragraph 104 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Privacy Policy*, 33ACROSS,

https://www.33across.com/privacy-policy. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 104 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

105. In response to paragraph 105 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

106. In response to paragraph 106 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

107. In response to paragraph 107 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

108. In response to paragraph 108 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *33Across Throws Itself Into Cookieless Targeting*, ADEXCHANGER, https://www.adexchanger.com/online-advertising/33across-throws-itself-into-cookieless-targeting/ (Jun. 2, 2021). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 108 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

**IP Address**

109. In response to paragraph 109 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

110. In response to paragraph 110 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

111. In response to paragraph 111 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *What is the Internet Protocol?*, Cloudflare, https://www.cloudflare.com/learning/network-layer/internet-protocol (last visited Jan. 19, 2026),

and *What is an RFC1918 Address?*, NetBeez, https://netbeez.net/blog/rfc1918 (last visited Jan. 19, 2026). 33Across states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 111 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

112. In response to paragraph 112 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

113. In response to paragraph 113 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

114. In response to paragraph 114 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *IP Targeting: Understanding This Essential Marketing Tool*, ACCUDATA (Nov. 20, 2023), https://www.accudata.com/blog/ip-targeting/. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 114 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

115. In response to paragraph 115 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Location-Based Targeting That Puts You in Control*, CHOOZLE, https://choozle.com/geotargeting-strategies, Herbert Williams, *The Benefits of IP Address Targeting for Local Businesses*, LINKEDIN (Nov. 29, 2023), https://www.linkedin.com/pulse/benefits-ip-address-targeting-local-businesses-herbert-williams-z7bhf, *IP Targeting: Understanding This Essential Marketing Tool*, ACCUDATA (Nov. 20, 2023), https://www.accudata.com/blog/ip-targeting, and Trey Titone, *The Future Of IP Address As An Advertising Identifier*, AD TECH EXPLAINED (May 16, 2022), https://www.adtechexplained.com/p/the-future-of-ip-address-as-an-advertising-identifier. 33Across states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 115 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

116. In response to paragraph 116 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *The Essential Guide to Geomarketing: Strategies, Tips & More*, DEEP SYNC (Nov. 20, 2023), https://deepsync.com/geomarketing, and *Personalize Your Website And Digital Marketing Using IP Address*, GEOFLI, https://geofli.com/blog/how-to-use-ip-address-data-to-personalize-your-website-and-digitalmarketing-campaigns. 33Across states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 116 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

117. In response to paragraph 117 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *IP Targeting*, SAVANT DSP, https://www.savantdsp.com/ip-targeting?gad_source=1&gclid=Cj0KCQjw1Yy5BhD-ARIsAI0RbXZJKJSqMI6p1xAxyqai1WhAiXRJTbX8qYhNuEvIfSCJ4jfOV5-5maUaAgtNEALw_wcB. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 117 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

118. In response to paragraph 118 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *IP Targeting*, SAVANT DSP, https://www.savantdsp.com/ip-targeting?gad_source=1&gclid=Cj0KCQjw1Yy5BhD-ARIsAI0RbXZJKJSqMI6p1xAxyqai1WhAiXRJTbX8qYhNuEvIfSCJ4jfOV5-5maUaAgtNEALw_wcB. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 118 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

119. In response to paragraph 119 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Herbert Williams, *The Benefits of IP Address Targeting for Local Businesses*, LINKEDIN (Nov. 29, 2023), https://www.linkedin.com/pulse/benefits-ip-address-targeting-local-businesses-herbert-williams-z7bhf. 33Across states that the publication speaks for itself and, on that basis, denies any allegations

in paragraph 119 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

120. In response to paragraph 120 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Herbert Williams, *The Benefits of IP Address Targeting for Local Businesses*, LINKEDIN (Nov. 29, 2023), https://www.linkedin.com/pulse/benefits-ip-address-targeting-local-businesses-herbert-williams-z7bhf. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 120 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

121. In response to paragraph 121 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Henrik Twetman & Gundars Bergmanis-Korats, *NATO Strategic Communications Centre of Excellence*, DATA BROKERS AND SECURITY (2020), https://stratcomcoe.org/cuploads/pfiles/data_brokers_and_security_20-01-2020.pdf. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 121 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

122. In response to paragraph 122 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Jasdev Dhaliwal, *How Data Brokers Sell Your Identity*, MCAFEE (June 4, 2024), https://www.mcafee.com/blogs/tips-tricks/how-data-brokers-sell-your-identity/. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 122 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

123. In response to paragraph 123 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

124. In response to paragraph 124 of the Complaint, 33Across admits that the allegations contained therein appear to refer to and set forth a portion of *Is an IP Address Personal Data?*, CONVESIO, https://convesio.com/knowledgebase/article/is-an-ip-address-personal-data/, and *What is Personal Data?*, EUROPEAN COMMISSION, https://commission.europa.eu/law/law-topic/data-

protection/reform/what-personal-data_en. 33Across states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 124 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

125. In response to paragraph 125 of the Complaint, 33Across admits that the allegations contained therein appear to refer to and set forth a portion of Cal. Civ. Code § 1798.140(v)(1)(A). 33Across states that the statute speaks for itself and, on that basis, denies any allegations in paragraph 125 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

**Mobile Advertising Identifiers**

126. In response to paragraph 126 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

127. In response to paragraph 127 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

128. In response to paragraph 128 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Advertising ID, *Play Console Help*, https://support.google.com/googleplay/android-developer/answer/6048248 (last visited Jan. 19, 2026). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 128 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

129. In response to paragraph 129 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Byron Tau, Means of Control: How the Hidden Alliance of Tech and Government is Creating a New American Surveillance State at 175 (2024), and *Louth v. NFL Enterprises LLC*, 2022 WL 4130866, at *3 (D.R.I. Sept. 12, 2022). 33Across states that the publication and *Louth* speak for themselves and, on that basis, denies any allegations in paragraph 129 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

130. In response to paragraph 130 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Thomas Tamblyn, *You Can Effectively Track Anyone, Anywhere Just by the Adverts They Receive*, HUFFINGTON POST (Oct. 19, 2017), https://www.huffingtonpost.co.uk/entry/using-just-1000-worth-of-mobile-adverts-you-caneffectively-track-anyone_uk_59e87ccbe4b0d0e4fe6d6be5, and Willie Boag, *Trend Report: Apps Oversharing Your Advertising ID*, DIGITAL WATCHDOG, https://digitalwatchdog.org/trend-report-apps-oversharing-your-advertising-id. 33Across states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 130 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

131. In response to paragraph 131 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

132. In response to paragraph 132 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *What is IDFA?*, APPSFLYER, https://www.appsflyer.com/glossary/idfa/#:~:text=Identifier%20for%20Advertisers%2C%20or%20IDFA,of%20their%20post%2Dinstall%20activity. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 132 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

133. In response to paragraph 133 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

134. In response to paragraph 134 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of and an image from Kayleigh Barber, *WTF Is The Difference Between Id Bridging And Id Spoofing?*, DIGIDAY (July 8, 2024), https://digiday.com/media/wtf-is-the-difference-between-id-bridging-and-id-spoofing. 33Across states that the publication and image speak for themselves and, on that basis, denies any allegations

in paragraph 134 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

135. In response to paragraph 135 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Matt Keiser, *How Can ID Bridging – The Foundation of Our Space – Suddenly Be a Bad Thing?*, AD EXCHANGER, https://www.adexchanger.com/data-driven-thinking/how-can-id-bridging-the-foundation-of-our-space-suddenly-be-a-bad-thing, PROGRAMMATIC ADVERTISING, AMAZON ADS, https://advertising.amazon.com/blog/programmatic-advertising#, and an image from Anete Jodzevica, *ID Bridging: The Privacy-First Future of Audience Targeting*, SETUP AD (Nov. 15, 2024), https://setupad.com/blog/id-bridging. 33Across states that the publications and image speak for themselves and, on that basis, denies any allegations in paragraph 135 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

136. In response to paragraph 136 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Bennett Crumbling, *What Is 'ID Bridging' And How Publishers Use It To Grow Direct And Programmatic Revenue?*, OPTABLE (Aug. 22, 2024), https://www.optable.co/blog/what-is-id-bridging. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 136 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

137. In response to paragraph 137 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

138. In response to paragraph 138 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Implement our Cookieless Advertising Solutions for Enhanced Campaign Performance*, 33ACROSS, https://www.33across.com/advertisers/cookieless-advertising#approach (last accessed Feb. 2026). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 138 inconsistent therewith.

Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

139. In response to paragraph 139 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Implement our Cookieless Advertising Solutions for Enhanced Campaign Performance*, 33ACROSS, https://www.33across.com/advertisers/cookieless-advertising#approach (last accessed Feb. 2026) and *33Across Introduces Lexicon™, New Identity Solution Makes 90% of Publisher Inventory Addressable*, 33ACROSS, https://www.33across.com/news/2021/06/02/33across-introduces-lexicon/ (Jun. 2, 2021). 33Across states that these publications speak for themselves and, on that basis, denies any allegations in paragraph 139 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

140. In response to paragraph 140 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

141. In response to paragraph 141 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Best-In-Class Data is Only as Effective as the Media That Activates It*, 33ACROSS, https://www.33across.com/curation. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 141 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

142. In response to paragraph 142 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Budi Tanzi, New OpenRTB Specs Ensure Identity Resolution Can Be Done Transparently With Trusted Partners*, EXPERIAN (Dec. 18, 2024), https://www.experian.com/blogs/marketing-forward/new-openrtb-specs-ensure-identity-resolution-can-be-done-transparently-with-trusted-partners/. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 142 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

143. In response to paragraph 143 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Katz-Lacabe v. Oracle Am., Inc.*, 688 F. Supp. 3d 928, 940 (N.D. Cal. 2023). 33Across states that *Katz-Lacabe* speaks for itself and, on that basis, denies any allegations in paragraph 143 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

144. In response to paragraph 144 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of GOOGLE'S SHADOW PROFILE: A DOSSIER OF CONSUMERS ONLINE AND REAL WORLD LIFE at 1 (Feb. 2019), https://tinyurl.com/2mtuh7vf. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 144 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

145. In response to paragraph 145 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

**Other Identifiers**

146. In response to paragraph 146 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

147. In response to paragraph 147 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

148. In response to paragraph 148 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Privacy Policy*, 33ACROSS, https://www.33across.com/privacy-policy. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 148 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

149. In response to paragraph 149 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of PIXEL DE TRACKING, GUERLAIN (LVMH): LUXURY AND SURVEILLANCE, https://www-pixeldetracking-com.translate.goog/fr/votre-email-comme-vecteur-de-surveillance-ultime-illustration-avec-

guerlain?_x_tr_sl=fr&_x_tr_tl=en&_x_tr_hl=en&_x_tr_pto=sc. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 149 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

150. In response to paragraph 150 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

151. In response to paragraph 151 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

152. In response to paragraph 152 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

153. In response to paragraph 153 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

**2. Interception of Communications**

154. In response to paragraph 154 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

155. In response to paragraph 155 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Privacy Policy*, 33ACROSS, https://www.33across.com/privacy-policy. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 155 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

156. In response to paragraph 156 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

157. In response to paragraph 157 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

158. In response to paragraph 158 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

159. In response to paragraph 159 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a screenshot from Bon Appetit's website. 33Across states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 159 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

160. In response to paragraph 160 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

161. In response to paragraph 161 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

**3. Identity Resolution**

162. In response to paragraph 162 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *33Across' Lexicon Wins "Programmatic Marketing Innovation Award" in 2024 MarTech Breakthrough Awards Program*, 33ACROSS, https://www.33across.com/news/2024/08/15/33across-lexicon-wins-programmatic-marketing-innovation-award-in-2024-martech-breakthrough-awards-program (Aug. 15, 2024). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 162 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

163. In response to paragraph 163 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *33Across' Lexicon Wins "Programmatic Marketing Innovation Award" in 2024 MarTech Breakthrough Awards Program*, 33ACROSS,

https://www.33across.com/news/2024/08/15/33across-lexicon-wins-programmatic-marketing-innovation-award-in-2024-martech-breakthrough-awards-program (Aug. 15, 2024). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 163 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

164. In response to paragraph 164 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *33Across' Lexicon Wins "Programmatic Marketing Innovation Award" in 2024 MarTech Breakthrough Awards Program*, 33ACROSS, https://www.33across.com/news/2024/08/15/33across-lexicon-wins-programmatic-marketing-innovation-award-in-2024-martech-breakthrough-awards-program (Aug. 15, 2024). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 164 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

165. In response to paragraph 165 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

166. In response to paragraph 166 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

167. In response to paragraph 167 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

168. In response to paragraph 168 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

169. In response to paragraph 169 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

170. In response to paragraph 170 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

**4. Defendant Deanonymizes Information Received From Data Broker Equifax**

171. In response to paragraph 171 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *33Across Empowers Financial Service Marketers to Optimize Digital Inventory and Targeting with Unique Audiences,* https://www.33across.com/news/2025/09/16/33across-empowers-financial-service-marketers-to-optimize-digital-inventory-and-targeting-with-unique-audiences/ (Sept. 16, 2025). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 171 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

172. In response to paragraph 172 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

173. In response to paragraph 173 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *33Across Empowers Financial Service Marketers to Optimize Digital Inventory and Targeting with Unique Audiences*, https://www.33across.com/news/2025/09/16/33across-empowers-financial-service-marketers-to-optimize-digital-inventory-and-targeting-with-unique-audiences/ (Sept. 16, 2025). 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 173 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

174. In response to paragraph 174 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Activate Equifax IXI Network Data Programmatically Across Digital Channels*, 33ACROSS, https://go.33across.com/glossary_equifax. 33Across states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 174 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

## III. DEFENDANT'S TRACKERS ARE PRESENT ON EACH OF THE SUBJECT WEBSITES AND ACROSS THE INTERNET

175. In response to paragraph 175 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

176. In response to paragraph 176 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### A. Buzzfeed

177. In response to paragraph 177 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

178. In response to paragraph 178 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

179. In response to paragraph 179 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

180. In response to paragraph 180 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

181. In response to paragraph 181 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a screenshot from Buzzfeed's website. 33Across states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 181 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

182. In response to paragraph 182 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

183. In response to paragraph 183 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

184. In response to paragraph 184 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

185. In response to paragraph 185 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

**B. Healthline**

186. In response to paragraph 186 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

187. In response to paragraph 187 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

188. In response to paragraph 188 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

189. In response to paragraph 189 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

190. In response to paragraph 190 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

191. In response to paragraph 191 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

192. In response to paragraph 192 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

193. In response to paragraph 193 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a screenshot from Healthline's website. 33Across states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 193 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

194. In response to paragraph 194 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

195. In response to paragraph 195 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

196. In response to paragraph 196 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

## IV. DEFENDANT'S SERVICES DEANONYMIZE USERS AND ENRICH DEFENDANT AND THE WEBSITE OPERATORS THROUGH REAL-TIME BIDDING AND PROFILING INDIVIDUALS

### A. Defendant Combines The Data From The Subject Websites With Other Data To Deanonymize Users

197. In response to paragraph 197 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

198. In response to paragraph 198 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

199. In response to paragraph 199 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

200. In response to paragraph 200 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

**B. The Partner Trackers Use The Profiles Created By Defendant To Enhance Their Advertising And Analytics Services**

201. In response to paragraph 201 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

202. In response to paragraph 202 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

203. In response to paragraph 203 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

204. In response to paragraph 204 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

205. In response to paragraph 205 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

206. In response to paragraph 206 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

207. In response to paragraph 207 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

208. In response to paragraph 208 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

209. In response to paragraph 209 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

## V. <u>PLAINTIFF'S EXPERIENCE</u>

210. In response to paragraph 210 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

211. In response to paragraph 211 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

212. In response to paragraph 212 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

213. In response to paragraph 213 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

214. In response to paragraph 214 of the Complaint, including subparts (a)-(d), 33Across denies, generally and specifically, each and every allegation contained therein.

215. In response to paragraph 215 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

216. In response to paragraph 216 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

217. In response to paragraph 217 of the Complaint, 33Across admits that Plaintiff alleges that he did not give his consent. 33Across states that this is a legal conclusion that is not subject to denial or admission. To the extent a further response is required, 33Across denies, generally and specifically, each and every allegation contained therein.

218. In response to paragraph 218 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

**CLASS ALLEGATIONS**

219. In response to paragraph 219 of the Complaint, 33Across admits that Plaintiff seeks to represent a nationwide putative class as outlined in paragraph 219 of the Complaint. 33Across denies that this action is suitable for class adjudication. 33Across denies that the proposed class satisfies the requirements of the Federal Rule of Civil Procedure 23 or that it is otherwise proper or legally sufficient. 33Across denies that the putative class is properly defined. 33Across denies any remaining allegations in paragraph 219.

220. In response to paragraph 220 of the Complaint, 33Across admits that Plaintiff seeks to represent a California putative subclass as outlined in paragraph 220 of the Complaint. 33Across denies that this action is suitable for class adjudication. 33Across denies that the proposed class satisfies the requirements of the Federal Rule of Civil Procedure 23 or that it is otherwise proper or legally sufficient. 33Across denies that the putative class is properly defined. 33Across denies any remaining allegations in paragraph 220.

221. In response to paragraph 221 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

222. In response to paragraph 222 of the Complaint, 33Across admits that Plaintiff alleges certain individuals and entities are excluded from the classes. 33Across states that this is a legal conclusion that is not subject to denial or admission. 33Across admits that Plaintiff seeks to represent putative classes as outlined in paragraph 219 and 220 of the Complaint. 33Across denies that this action is suitable for class adjudication. 33Across denies that the proposed classes satisfy the requirements of the Federal Rule of Civil Procedure 23 or that they are otherwise proper or legally sufficient. 33Across denies that the putative class is properly defined. 33Across denies any remaining allegations in paragraph 222.

223. In response to paragraph 223 of the Complaint, 33Across admits that Plaintiff alleges "[m]embers of the Class are so numerous that joinder of all members would be unfeasible and not practicable." 33Across states that this is a legal conclusion that is not subject to denial or admission. 33Across admits that Plaintiff seeks to represent putative classes as outlined in

paragraph 219 and 220 of the Complaint. 33Across denies that this action is suitable for class adjudication. 33Across denies that the proposed classes satisfy the requirements of the Federal Rule of Civil Procedure 23 or that they are otherwise proper or legally sufficient. 33Across denies that the putative class is properly defined. 33Across denies any remaining allegations in paragraph 223.

224. In response to paragraph 224 of the Complaint, 33Across admits that Plaintiff alleges "Plaintiff's claims are typical of the claims of the Classes." 33Across states that this is a legal conclusion that is not subject to denial or admission. 33Across admits that Plaintiff seeks to represent putative classes as outlined in paragraph 219 and 220 of the Complaint. 33Across denies that this action is suitable for class adjudication. 33Across denies that the proposed classes satisfy the requirements of the Federal Rule of Civil Procedure 23 or that they are otherwise proper or legally sufficient. 33Across denies that the putative class is properly defined. 33Across denies any remaining allegations in paragraph 224.

225. In response to paragraph 225 of the Complaint, 33Across admits that Plaintiff alleges that "Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Classes." 33Across states that this is a legal conclusion that is not subject to denial or admission. 33Across admits that Plaintiff seeks to represent putative classes as outlined in paragraph 219 and 220 of the Complaint. 33Across denies that this action is suitable for class adjudication. 33Across denies that the proposed classes satisfy the requirements of the Federal Rule of Civil Procedure 23 or that they are otherwise proper or legally sufficient. 33Across denies that the putative class is properly defined. 33Across denies any remaining allegations in paragraph 225.

226. In response to paragraph 226 of the Complaint, including subparts (a)-(d), 33Across admits that Plaintiff alleges that "[q]uestions of law and fact common to the members of the Classes predominate over questions that may affect only individual members." 33Across states that this is a legal conclusion that is not subject to denial or admission. 33Across admits that Plaintiff seeks to represent putative classes as outlined in paragraph 219 and 220 of the Complaint. 33Across denies that this action is suitable for class adjudication. 33Across denies that the proposed classes satisfy the requirements of the Federal Rule of Civil Procedure 23 or that they are otherwise proper or

legally sufficient. 33Across denies that the putative class is properly defined. 33Across denies any remaining allegations in paragraph 226.

227. In response to paragraph 227 of the Complaint, 33Across admits that Plaintiff alleges that "[c]lass action treatment is a superior method for the fair and efficient adjudication of the controversy." 33Across states that this is a legal conclusion that is not subject to denial or admission. 33Across admits that Plaintiff seeks to represent putative classes as outlined in paragraph 219 and 220 of the Complaint. 33Across denies that this action is suitable for class adjudication. 33Across denies that the proposed classes satisfy the requirements of the Federal Rule of Civil Procedure 23 or that they are otherwise proper or legally sufficient. 33Across denies that the putative class is properly defined. 33Across denies any remaining allegations in paragraph 227.

## CAUSES OF ACTION

### COUNT I
### Intrusion Upon Seclusion

228. In response to paragraph 228 of the Complaint, 33Across repeats, realleges, and incorporates by reference paragraphs 1 through 227 above as if fully set forth herein.

229. In response to paragraph 229 of the Complaint, 33Across admits that Plaintiff purports to bring this claim individually and on behalf of the putative classes.

230. In response to paragraph 230 of the Complaint, 33Across admits that Plaintiff purports to bring this claim pursuant to California law.

231. In response to paragraph 231 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286–87 (2009). 33Across states that *Hernandez* speaks for itself and, on that basis, denies any allegations in paragraph 231 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

232. In response to paragraph 232 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

233. In response to paragraph 233 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

234. In response to paragraph 234 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

235. In response to paragraph 235 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

236. In response to paragraph 236 of the Complaint, including subparts (a)-(d), 33Across denies, generally and specifically, each and every allegation contained therein.

237. In response to paragraph 237 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

238. In response to paragraph 238 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

239. In response to paragraph 239 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

**COUNT II**
**Violation Of The California Invasion of Privacy Act**
**Cal. Penal Code § 631(a)**

240. In response to paragraph 240 of the Complaint, 33Across repeats, realleges, and incorporates by reference paragraphs 1 through 239 above as if fully set forth herein.

241. In response to paragraph 241 of the Complaint, 33Across admits that Plaintiff purports to bring this claim individually and on behalf of the California subclass.

242. In response to paragraph 242 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Cal. Penal Code § 630. 33Across states that the law speaks for itself and, on that basis, denies any allegations in paragraph 242 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

243. In response to paragraph 243 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Ribas v. Clark*, 38 Cal. 3d 355, 361 (1985), and *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763–64 (1989). 33Across states that *Ribas* and *Reporters Comm. For Freedom of the Press* speak for themselves and, on that basis, denies any allegations in paragraph 243 inconsistent therewith. Unless

specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

244. In response to paragraph 244 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Javier v. Assurance IQ, LLC*, 2022 WL 1744107 (9th Cir. May 31, 2022), *In re Google Inc.*, 2013 WL 5423918 (N.D. Cal. Sep. 26, 2013), and *Matera v. Google Inc.*, 2016 WL 8200619 (N.D. Cal. Aug. 12, 2016). 33Across states that *Javier*, *In re Google*, and *Matera* speak for themselves and, on that basis, denies any allegations in paragraph 244 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

245. In response to paragraph 245 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192–93 (1978). 33Across states that *Tavernetti* speaks for itself and, on that basis, denies any allegations in paragraph 245 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

246. In response to paragraph 246 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Javier v. Assurance IQ, LLC*, 2022 WL 1744107 (9th Cir. May 31, 2022). 33Across states that *Javier* speaks for itself and, on that basis, denies any allegations in paragraph 246 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

247. In response to paragraph 247 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

248. In response to paragraph 248 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 520 (C.D. Cal. 2021) and *Javier v. Assurance IQ, LLC*, 2022 WL 1744107 (9th Cir. May 31, 2022). 33Across states that *Saleh* and *Javier* speak for themselves and, on that basis, denies any allegations in paragraph 248 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

249. In response to paragraph 249 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

250. In response to paragraph 250 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

251. In response to paragraph 251 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Semien v. Pubmatic Inc.*, 2026 WL 216333, at *9 (N.D. Cal. Jan. 27, 2026). 33Across states that *Semien* speaks for itself and, on that basis, denies any allegations in paragraph 251 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

252. In response to paragraph 252 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

253. In response to paragraph 253 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

254. In response to paragraph 254 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

## COUNT III
### Violation Of The California Invasion of Privacy Act
### Cal. Penal Code § 632

255. In response to paragraph 255 of the Complaint, 33Across repeats, realleges, and incorporates by reference paragraphs 1 through 254 above as if fully set forth herein.

256. In response to paragraph 256 of the Complaint, 33Across admits that Plaintiff purports to bring this claim individually and on behalf of the California subclass.

257. In response to paragraph 257 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Cal. Penal Code § 632. 33Across states that Section 632 speaks for itself and, on that basis, denies any allegations in paragraph 257 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

258. In response to paragraph 258 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Cal. Penal Code § 632. 33Across states that Section

632 speaks for itself and, on that basis, denies any allegations in paragraph 258 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

259. In response to paragraph 259 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

260. In response to paragraph 260 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

261. In response to paragraph 261 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *Jones v. Skullcandy, Inc.*, 2026 WL 699819, at *18 (S.D. Cal. Mar. 12, 2026). 33Across states that *Jones* speaks for itself and, on that basis, denies any allegations in paragraph 261 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

262. In response to paragraph 262 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

263. In response to paragraph 263 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

264. In response to paragraph 264 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

265. In response to paragraph 265 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

266. In response to paragraph 266 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

267. In response to paragraph 267 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

## COUNT IV
**Violation Of The California Invasion Of Privacy Act,**
**Cal. Penal Code § 638.51(a)**

268. In response to paragraph 268 of the Complaint, 33Across repeats, realleges, and incorporates by reference paragraphs 1 through 267 above as if fully set forth herein.

269. In response to paragraph 269 of the Complaint, 33Across admits that Plaintiff purports to bring this claim individually and on behalf of the California Subclass.

270. In response to paragraph 270 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of CIPA § 638.51(a). 33Across states that the law speaks for itself and, on that basis, denies any allegations in paragraph 270 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

271. In response to paragraph 271 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of CIPA § 638.50(b). 33Across states that the law speaks for itself and, on that basis, denies any allegations in paragraph 271 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

272. In response to paragraph 272 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of Cal. Penal Code § 638.50(c). 33Across states that the law speaks for itself and, on that basis, denies any allegations in paragraph 272 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

273. In response to paragraph 273 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

274. In response to paragraph 274 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

275. In response to paragraph 275 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of *In re Google Inc.*, 2013 WL 5423918, at *21 (N.D. Cal. Sep. 26, 2013). 33Across states that *In re Google* speaks for itself and, on that basis, denies any allegations in paragraph 275 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

276. In response to paragraph 276 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of numerous authorities. 33Across states that these authorities speak for themselves and, on that basis, denies any allegations in paragraph 276 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

277. In response to paragraph 277 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

278. In response to paragraph 278 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

279. In response to paragraph 279 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

280. In response to paragraph 280 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

281. In response to paragraph 281 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

**COUNT V**
**Violation of California's Unfair Competition Law**
**Cal. Bus. & Prof. Code § 17200, *et seq.***

282. In response to paragraph 282 of the Complaint, 33Across repeats, realleges, and incorporates by reference paragraphs 1 through 281 above as if fully set forth herein.

283. In response to paragraph 283 of the Complaint, 33Across admits that Plaintiff purports to bring this claim individually and on behalf of the California subclass.

284. In response to paragraph 284 of the Complaint, 33Across admits that Plaintiff purports to bring this claim under California law.

285. In response to paragraph 285 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

286. In response to paragraph 286 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

287. In response to paragraph 287 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

288. In response to paragraph 288 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

289. In response to paragraph 289 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

**COUNT VI**
**Violation of the Electronic Communications Privacy Act**
**18 U.S.C. §§ 2511(1), *et seq.***

290. In response to paragraph 290 of the Complaint, 33Across repeats, realleges, and incorporates by reference paragraphs 1 through 289 above as if fully set forth herein.

291. In response to paragraph 291 of the Complaint, 33Across admits that Plaintiff purports to bring this claim individually and on behalf of the putative classes.

292. In response to paragraph 292 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2511. 33Across states that the law speaks for itself and, on that basis, denies any allegations in paragraph 292 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

293. In response to paragraph 293 of the Complaint, 33Across is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

294. In response to paragraph 294 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2520(a). 33Across states that the law speaks for itself and, on that basis, denies any allegations in paragraph 294 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

295. In response to paragraph 295 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

296. In response to paragraph 296 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2510(12). 33Across states that the law speaks for itself and, on that basis, denies any allegations in paragraph 296 inconsistent therewith. With respect to the remaining allegations in paragraph 296, 33Across denies, generally and specifically, each and every allegation contained therein.

297. In response to paragraph 297 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2510(8). 33Across states that the law speaks for itself and, on that basis, denies any allegations in paragraph 297 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

298. In response to paragraph 298 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2510(4). 33Across states that the law speaks for itself and, on that basis, denies any allegations in paragraph 298 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

299. In response to paragraph 299 of the Complaint, 33Across admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2510(5). 33Across states that the law speaks for itself and, on that basis, denies any allegations in paragraph 299 inconsistent therewith. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

300. In response to paragraph 300 of the Complaint, including subparts (a)-(c), 33Across denies, generally and specifically, each and every allegation contained therein.

301. In response to paragraph 301 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

302. In response to paragraph 302 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

303. In response to paragraph 303 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

304. In response to paragraph 304 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

305. In response to paragraph 305 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

306. In response to paragraph 306 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

307. In response to paragraph 307 of the Complaint, 33Across admits that Plaintiff alleges that 33Across was not acting under the color of law. 33Across states that this is a legal conclusion that is not subject to denial or admission. Unless specifically admitted, 33Across denies, generally and specifically, each and every remaining allegation contained therein.

308. In response to paragraph 308 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

309. In response to paragraph 309 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

310. In response to paragraph 310 of the Complaint, 33Across denies, generally and specifically, each and every allegation contained therein.

## RESPONSE TO DEMAND FOR JURY TRIAL

311. In response to the Complaint, 33Across admits that Plaintiff has demanded a trial by jury on all issues triable.

## RESPONSE TO PRAYER FOR RELIEF

33Across denies that Plaintiff is entitled to any damages against 33Across as set forth in his prayer for relief.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, 33Across hereby asserts the following affirmative defenses, without conceding that it bears the burden of proof or persuasion as to any of them.

**FIRST AFFIRMATIVE DEFENSE**

(ARBITRATION)

Plaintiff's claims, including putative class members, are subject to arbitration pursuant to a valid and binding arbitration agreement. 33Across specifically reserves, and does not waive, the right to compel arbitration of any claims asserted by Plaintiff, as well as any claims by putative class members that are subject to arbitration.

**SECOND AFFIRMATIVE DEFENSE**

(STATUTE OF LIMITATIONS)

All claims alleged in the Complaint against 33Across are barred by the applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**

(PARTICIPANT EXCEPTION)

All claims alleged in the Complaint against 33Across fail because 33Across was not a participant to any alleged conversation, and thus cannot be liable under any of the alleged causes of action.

**FOURTH AFFIRMATIVE DEFENSE**

(CONSENT)

All claims alleged in the Complaint against 33Across fail because Plaintiff consented to any and all alleged tracking of the alleged conversations by third parties, and thus 33Across cannot be liable under any of the alleged causes of action.

**FIFTH AFFIRMATIVE DEFENSE**

(NON-ACTIONABLE RECORD INFORMATION)

All claims alleged in the Complaint against 33Across fail because any information alleged to have been intercepted by third parties was non-actionable record information, and was not the contents of any communication, and thus 33Across cannot be liable under any of the alleged causes of action.

**SIXTH AFFIRMATIVE DEFENSE**

(INFORMATION NOT IN TRANSIT)

All claims alleged in the Complaint against 33Across fail because any information alleged to have been recorded by third parties was not intercepted in transit, but was rather transmitted to third parties after the information came to rest, and thus 33Across cannot be liable under any of the alleged causes of action.

**SEVENTH AFFIRMATIVE DEFENSE**

(NO EXPECTATION OF PRIVACY)

All claims alleged in the Complaint against 33Across fail because Plaintiff does not have a reasonable expectation of privacy in the information that was allegedly recorded because he cannot allege that any eavesdropping occurred, and thus 33Across cannot be liable under any of the alleged causes of action.

**EIGHTH AFFIRMATIVE DEFENSE**

(NO HIGHLY OFFENSIVE INTRUSION)

All claims alleged in the Complaint against 33Across fail because the collection of the allegedly recorded record information cannot amount to "a highly offensive disclosure of information or a 'serious invasion' of a privacy interest." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012) ("The information disclosed to third parties by LinkedIn, including a numeric code associated with a user and the URL of the profile page viewed, does not meet the standard set by California courts."); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (declining to find that defendant violated constitutional right to privacy in releasing unique device identifier number, personal data, and geolocation information from cell phones to third parties); *In re Google, Inc. Privacy Pol'y Litig.*, 58 F. Supp. 3d 968, 985 (N.D. Cal. 2014) ("Courts in this district have consistently refused to characterize the disclosure of common, basic digital information to third parties as serious or egregious violations of social norms.").

**NINTH AFFIRMATIVE DEFENSE**

(INDEMNIFICATION)

33Across is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff was the result of the acts or omissions of third persons over whom 33Across had neither control nor responsibility.

**TENTH AFFIRMATIVE DEFENSE**

(FAILURE TO MITIGATE DAMAGES)

Plaintiff failed to mitigate his alleged damages. Therefore claims alleged against 33Across are barred.

**ELEVENTH AFFIRMATIVE DEFENSE**

(ESTOPPEL)

Any damages which Plaintiff may have suffered, which 33Across continues to deny, was the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any alleged damages.

**TWELFTH AFFIRMATIVE DEFENSE**

(LACHES)

All claims alleged in the Complaint against 33Across are barred by laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(CONTRIBUTORY/COMPARATIVE FAULT)

33Across is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff was, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own conduct, which equaled or exceeded any alleged wrongdoing by 33Across.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(INDEPENDENT INTERVENING CAUSE)

33Across alleges upon information and belief that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of 33Across was not a proximate cause of the alleged injuries.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(IMPROPER REQUEST FOR PUNITIVE DAMAGES)

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(MOOTNESS)

All claims alleged in the Complaint against 33Across are barred, in whole or in part, to the extent that the claim or relief sought is moot.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(WAIVER)

All claims alleged in the Complaint against 33Across are barred, in whole or in part, by the doctrine of waiver.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(LACK OF STANDING)

All claims alleged in the Complaint against 33Across fail because Plaintiff has suffered no cognizable injury and additionally does not have standing to assert his claims.

**NINETEENTH AFFIRMATIVE DEFENSE**

(EXCESSIVE FINES CLAUSE)

All claims alleged in the Complaint against 33Across are barred, in whole or in part, because they seek to impose an excessive fine within the meaning of the Excessive Fines and Penalties Clause of the Eighth Amendment to the United States Constitution to the extent Plaintiff seeks excessive statutory or punitive damages in violation of the Due Process Clause.

**TWENTIETH AFFIRMATIVE DEFENSE**

(IMPROPER CLASS ACTION)

The claims alleged in the Complaint against 33Across may not properly be maintained or certified as a class action because, *inter alia*, Plaintiff cannot fairly or adequately represent the interests of each member of the proposed class(es), Plaintiff's claims are not typical of the claims of each member of the proposed class(es), and/or the questions of law and fact allegedly common

to the class(es) do not predominate over the numerous questions affecting only individual class members.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

(FAILURE TO STATE A CLAIM)

The Complaint fails to state a claim on which relief can be granted.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

(RIGHT TO ASSERT ADDITIONAL DEFENSES)

33Across reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**RESERVATION OF RIGHTS**

33Across reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant 33Across prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety with prejudice;

(2) That judgment be rendered in favor of Defendant;

(3) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Respectfully submitted

Dated: July 7, 2026

By: /s/ Rebecca L. Tarneja

**GOODWIN PROCTER LLP**
BRETT M. SCHUMAN (SBN 189247)
*BSchuman@goodwinlaw.com*
**GOODWIN PROCTER LLP**
525 Market Street, Floor 32
San Francisco, CA 94105

REBECCA L. TARNEJA (SBN 293461)
*RTarneja@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, Suite 4100
Los Angeles, CA 90017-5704

RYAN D. BALL (SBN 321772)
*RBall@goodwinlaw.com*
**GOODWIN PROCTER LLP**
660 Newport Center Drive, Suite 450
Newport Beach, CA 92660

Attorneys for Defendant
33ACROSS INC.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **July 7,** 2026. I further certify that all participants in the case are registered CM/ ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **July 7, 2026**.

/s/ Rebecca L. Tarneja
REBECCA L. TARNEJA